IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHANNON SIMMONS and ERANUS ROBERSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>FUTO's, INC., STEVE "JOHN" FUTO, CHARLES FUTO, and NOMAN RASHID,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No.<br>: 1:21-cv-3591-TWT<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT BETWEEN PLAINTIFFS AND STEVE "JOHN" FUTO AND CHARLES FUTO**

## I. INTRODUCTION

On August 30, 2021, Plaintiffs, two former tow truck drivers for Defendant Futo's Inc. filed this action asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"). [Dkt. 1] Plaintiff's Complaint also sought attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b). Plaintiffs sued the corporate entity which employed them (Futo's, Inc.) and the individual owners of Futo's Inc. whom Plaintiffs contend were also their employers under the FLSA. Defendants Charles and Steve Futo (hereinafter the "Futo Brothers") owned Futo's, Inc. during

1

the relevant period of Plaintiffs' employment until March 1, 2019, at which time they sold Futo's Inc. [Dkt. 16, Par. 9] Thereafter, Plaintiffs continued employment for Futo's, Inc. under new ownership. Defendants deny Plaintiffs' allegations of fact and legal conclusions.

After being served with process and engaging in written discovery, Defendant Futo Brothers and the Plaintiffs concluded that resolving Plaintiffs' claims against the Futo Brothers by agreement would be more cost efficient than litigating them. A settlement agreement, which did not admit liability, was ultimately negotiated in which Plaintiffs would be paid 75% of the potential damages to which they would be entitled against the Futo Brothers if they were ultimately successful at trial. No settlement has been reached between Plaintiffs and Futo's, Inc. or Noman Rashid, and that litigation is to continue.

Plaintiffs agree that the resolution of the claims against the Futo Brothers does not constitute a concession that Plaintiffs worked the number of hours they claim to have worked per week. Nor does this resolution reflect the Futo Brothers' concession that the pay practices with respect to Plaintiffs violated the FLSA. On the contrary, the Futo Brothers maintain Plaintiffs were properly compensated.

The Parties respectfully request that the Court enter an Order Approving the Settlement and to dismissing the Futo Brothers as defendants in this action with

prejudice while retaining jurisdiction to enforce the settlement agreement. The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested. In support of this Motion, the Plaintiffs and Futo Brothers show this Court as follows:

## II. SUMMARY OF SETTLEMENT TERMS

The total settlement is $19,500. (Ex. "A" – Settlement Agreement) The damage calculations are annexed to this motion as Exhibit "B" and "C" respectively. The negotiated settlement in this case provides Plaintiff Shannon Simmons will recover $6,158.37 and Plaintiff Eranus Roberson shall recover $6,419.75, representing 75% of the total damages for which the Futo Brothers may be liable, including liquidated damages. $6,921.88 as fees and costs will also be paid, which represents approximately 75% of the fees and costs incurred to date litigating against the Futo Brothers. (See Exh. "D" – Declaration of Mitchell D. Benjamin and annexed Fee itemization).

The complete payments to Plaintiffs and their counsel are due within ten days of the Court's approval of the settlement. Plaintiffs' portion of the settlement will be reflected on a Form 1099.

## III. ARGUMENT AND CITATIONS OF AUTHORITY

## THE SETTLEMENT IS FAIR

### A. Applicable Law Supports Approval of the Settlement

In the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). As the Eleventh Circuit explained in *Lynn's Food Stores*:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employee provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching, if a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiffs and the Futo Brothers agree that the settlement represents a fair and reasonable compromise of the disputed legal and factual issues in this case and

4

now jointly request that this Court approve it.  In addition, all parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The parties' respective counsel are experienced wage and hour litigators and believe this settlement is fair and reasonable in light of the strengths and weaknesses of the parties' claims and defenses and the risks, costs, and distraction of continued litigation.  The parties' proposed settlement is the result of extensive, arm's-length negotiations and is not the result of collusion. Plaintiffs wholeheartedly support this settlement, as do their counsel.

### B. The Settlement Agreement Should Be Approved As It Is A Fair And Reasonable Compromise Of Disputed FLSA Claims.

*Lynn's Food Stores* requires that the Court to review a proposed compromise of FLSA claims for "fairness."  However, the criteria the Court are to consider in determining "fairness" is not as clear.  As the court in *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-1 (M.D. Fla. 2010) noted:

> *Lynn's Food* requires the parties to an FLSA compromise to present proposed agreement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." 15 679 F.2d at 1353.  Although noting the unfairness of the settlements at issue, *Lynn's Food* specifies no criteria for evaluating the "fairness" of a proposed compromise in a different case. *Bonetti v. Embarq Management Co.,* [715 *F. Supp. 2d* 1222 (M. D. Fla. 2009)], describes the problem faced by a district court:
>
>> Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA

> settlement. Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."
>
> Nevertheless, the district court must "scrutinize the settlement for fairness." To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

(Emphasis added.) The "internal factors" to be considered are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery amounts; and (6) the opinions of the counsel. *Id.* at 1241.

The "external factors" concern whether the compromise frustrates the purposes of the FLSA. Factors to be considered are whether the compromise requires confidentiality, whether there exist other similarly situated employees, the

likelihood that the claimant's circumstance will recur, whether there is a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, "or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 1244. As shown below, the factors strongly favor approving the proposed settlement.

### C. The Internal Factors Demonstrate That The Settlement Agreement Is Fair And Reasonable And Should Be Approved.

#### 1. There Is No Collusion Behind The Settlement.

As the Complaint and damage calculations demonstrate, this was the litigation of a *bona fide* dispute which was resolved after obtaining pay and time records. This settlement is the result of extensive back and forth settlement negotiations. It is therefore clear that there is no collusion between counsel for the Plaintiffs and Defendant Futo Brothers. This factor strongly militates in favor of approving the proposed settlement.

Plaintiff Simmons was employed by Futo's Inc. from 2014 until September 8, 2021. During the relevant time period of his employment (3 years prior to filing of the complaint until Plaintiffs' employment ended), Simmons was a tow truck driver working 12 hour shifts 5-6 days per week. Plaintiff Roberson was also a tow truck driver working 12 hour shifts 5-6 days per week during a portion of the FLSA three-

year statute of limitations. Plaintiffs contend that they were paid a straight commission of recovered tow truck fees (30% for Simmons and 35% for Roberson). Defendants contend they were paid a proper hourly and overtime rate. Although Defendant Futo Brothers disputed Plaintiffs' allegations and conclusions of law, the parties entered into a Settlement Agreement which provides each Plaintiff with 75% of the amounts to which they would be entitled if they ultimately were successful at trial, including liquidated damages. The damages calculations are annexed as Exhibits "B" and "C". Plaintiffs will continue to litigate their claims against Futo's, Inc. and Noman Rashid to recover for damages incurred after March 1, 2019 when the Futo Brothers ceased being employers of Plaintiffs for all purposes. Plaintiffs will neither seek nor accept any damages incurred prior to March 1, 2019. For that reason, the Settlement Agreement is a fair resolution of Plaintiff's FLSA claims.

      **2.**    **The Complexity, Expense, And Likely Duration Of The Litigation Favor Approving The Proposed Settlement.**

This case was not complex but did involve highly disputed factual issues regarding the number of hours worked by Plaintiffs each workweek and how their pay was calculated. The parties prudently attempted to devote their limited resources towards settlement, rather than continue litigation. As the proposed settlement provides Plaintiffs with substantial benefits, the settlement is fair and should be approved.

### 3. The Stage Of The Proceedings Support Approving The Settlement Agreement.

This case was settled with the Futo Brothers after discovery of time and pay records. As such, Plaintiffs and their counsel had sufficient information at the time the case was conditionally settled to determine that the settlement provides them with substantial benefits. This factor, too, weighs in favor of approving the Settlement Agreement.

### 4. The Probability Of Plaintiffs' Success And The Range Of Recovery Support Approving The Proposed Settlement Agreement.

The parties disagree as to the merits of this case but recognize that the inherent uncertainty of litigation and the amount of any potential recovery make settlement the more rational choice. Plaintiffs and their counsel believe that Plaintiffs would prevail and likely be awarded the full amounts sought, but obviously prefer this settlement, which provides substantial damages and permits Plaintiffs to continue to seek the remainder of their claimed owed compensation (post March, 2019) from the remaining Defendants. Thus, substantial uncertainties and risks existed for all parties and was a significant catalyst to serious settlement negotiations. The settlement amount is clearly in Plaintiffs' interest, as it provides them with 75% of their maximum recovery from the Futo Brothers. As such, the Settlement Agreement should be approved as fair.

### D. The "External Factors" Support Approving The Settlement Agreement.

The "external factors" to examine when considering the fairness of a proposed FLSA settlement address whether the compromise frustrates the purposes of the FLSA. *Dees*, 706 F. Supp. 2d at 1244. Factors to be considered are whether the compromise requires confidentiality, whether there exist other similarly situated employees, the likelihood that the claimant's circumstance will recur, whether there is a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, "or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.*

These factors also favor approval of the Settlement Agreement. First, the compromise is filed as a public record with no confidentiality provisions. Further, Defendants Futo Brothers are retired and have ceased operating Futo's Inc. and have no employees, making their FLSA practices moot. As the external factors support approval of the Settlement Agreement, the parties respectfully request that this Court approve it.

### IV. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court approve the settlement and upon payment of the settlement proceeds dismiss the

Futo Brothers from this action with prejudice. A proposed order is attached hereto as Exhibit "E" for the Court's consideration.

## Certification of Counsel

Pursuant to LR. 7.1D NDGa, the undersigned counsel certifies that the within and foregoing motion was prepared using Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1C NDGa.

Respectfully submitted this 19th day of July, 2022.

**DeLong Caldwell Bridgers
Fitzpatrick & Benjamin, LLC**

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

**Counsel for Plaintiffs**

101 Marietta Street, NW
Suite 2650
Atlanta, Georgia 30303
Tel: (404) 979-3150
F: (404) 979-3170
benjamin@dcbflegal.com
Charlesbridgers@dcbflegal.com

/s/ Jacob R. Dean
Natasha L. Wilson
Georgia Bar No. 371233
wilsonn@gtlaw.com
Jacob R. Dean
Georgia Bar No. 180545
deanj@gtlaw.com
GREENBERG TRAURIG, LLP
3333 Piedmont Road Terminus 200
Suite 2500
Atlanta, Georgia 30305
Tel. (678) 553-2100
Fax (678) 553-2212

Counsel for Defendants Steve "John" Futo
and Charles Futo

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| SHANNON SIMMONS and<br>ERANUS ROBERSON,<br><br>  Plaintiffs,<br><br>vs.<br><br>FUTO's, INC., STEVE "JOHN"<br>FUTO, CHARLES FUTO, and<br>NOMAN RASHID,<br><br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action File No.<br><br>1:21-cv-3591-TWT |

## **CERTIFICATE OF SERVICE**

The undersigned counsel further certifies that the within and foregoing motion has been filed with the clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all attorneys of record.

Respectfully submitted,

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888

13