## AMENDED AND RESTATED SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "**Release**") is hereby entered into by and between Plaintiffs Shannon Simmons ("**Simmons**") and Eranus Roberson ("**Roberson**") collectively "**Plaintiffs**", on the one hand, and Steve "John" Futo and Charles Futo ("**Defendants**"), on the other hand, as of the last date (the "**Execution Date**") set forth on the signature page of this Release. Plaintiffs and Defendants are sometimes referred to herein individually as a "**Party**," and collectively as the "**Parties**." As used herein, the phrases "**this Release**," "**hereto**," "**hereunder**," and phrases of like import shall mean this Release between the Parties. All capitalized terms shall have the meanings ascribed to them in the Release.

WHEREAS, Plaintiff Simmons was employed by Futo's Inc. from approximately 2014 through July, 2021 and Roberson was so employed from approximately 2014 through July, 2019; and

WHEREAS, Defendants ceased owning and operating Futo's Inc. by March 2019; and

WHEREAS, a Complaint against Defendants alleging failure to pay overtime pursuant to the Fair Labor Standards Act ("**FLSA**") was filed in the United States District Court for the Northern District of Georgia, Atlanta Division, captioned *Shannon Simmons and Eranus Roberson v. Futo's, Inc., Steve "John" Futo, Charles Futo and Noman Rashid*, Civil Action No. 1:21-cv-0391 (the "**Litigation**"); and

WHEREAS, the Parties desire to finally and forever resolve disputed matters between them that were or could have been raised in the Litigation existing as of the Execution Date of this Release; and

WHEREAS, this Amended and Restated Settlement Agreement and Release is intended to replace and supersede the Settlement Agreement entered into by the Parties in May, 2022 which was not submitted to the Court for approval;

WHEREAS, this Settlement Agreement and Release shall have no effect on the continued litigation against Futo's, Inc. and Noman Rashid; and

WHEREAS, the Parties have entered into this Release to bring about such resolution.

NOW, THEREFORE, the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Release, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Settlement Payments.** Provided that the Plaintiffs execute this Release, Defendants shall pay Plaintiffs the following "**Settlement Payments**":

a. Check payable to Shannon Simmons in the total gross amount of Six Thousand One Hundred Fifty-Eight Dollars and Thirty-Seven cents ($6,158.37), which will be reflected on a Form-1099, reflecting box 3, "other income".;

b. Check payable to Eranus Roberson in the total gross amount of Six Thousand Four Hundred Nineteen Dollars and Seventy-Five cents ($6419.75), which will be reflected on a Form-1099 reflecting box 3, "other income"; and

c. Check payable to Mitchell D. Benjamin, LLC as attorneys for Plaintiffs in the total amount of Six Thousand Nine Hundred Twenty-One Dollars and Eighty-Eight Cents ($6,921.88), for fees and costs, which shall be reflected on a Form-1099.

The Settlement Payments shall be mailed to Plaintiffs' attorney at the following address:

DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC
Attn: Mitchell D. Benjamin
101 Marietta Street, Suite 2650
Atlanta, GA 30303

Plaintiffs and Plaintiffs' attorney shall provide completed Forms W-9 to Defendants' counsel within ten (10) calendar days of executing this Release. The Settlement Payments shall be paid no later than ten (10) calendar days of the court approving the settlement.

Plaintiffs understand that Plaintiffs' entitlement to and retention of the Settlement Payments are expressly conditioned upon their fulfillment of the promises in this Release. The Parties agree that the Settlement Payments shall constitute full, final, and complete settlement of any wages, damages, monies, liabilities, or other obligations claimed to be owed to Plaintiffs by Defendants (which does not include Futo's Inc. or Noman Rashid).

2. **Dismissal.** Steve "John" Futo and Charles Futo will be dismissed from this action upon payment of the settlement proceeds. Plaintiffs will file a Joint Stipulation of Dismissal with Prejudice against these Defendants within five (5) calendar days of Plaintiffs' attorney's receipt of the Settlement Payments.

3. **Release.** In consideration of the foregoing, Plaintiffs do hereby knowingly and voluntarily release and forever discharge Defendants Steve "John" Futo and Charles Futo, together with each of their corporate subsidiaries, parents, and affiliates, and their current and former partners, owners, shareholders, members, directors, officers, managers, employees, attorneys, consultants, contractors, servants, agents, insurers and spouses, together with their predecessors, successors, heirs and assigns (hereinafter collectively referred to as the "**Releasees**"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, contracts, torts, damages, attorney's fees, judgments, rights, claims, and demands whatsoever, in law or in equity (hereinafter collectively referred to as "**Claims**"), whether known or unknown, which Plaintiffs ever had, now have, or may or might in the future have against Releasees (i) that were asserted in

the Litigation; (ii) for unpaid wages; or (iii) that arise under or are related to the FLSA. This Release expressly does not include Futo's, Inc. or Noman Rashid.

**4.** **Acknowledgments and Representations.**

a. Plaintiffs acknowledge and agree that the consideration being provided to Plaintiffs in exchange for this Release is in addition to anything of value to which they already were entitled. Plaintiffs are hereby advised in writing to consult with an attorney prior to executing the Release;

b. Plaintiffs acknowledge and agree that Plaintiffs have read and understand all the terms and conditions of the Release; that Plaintiffs were not coerced, pressured or forced in any way to accept the terms of this Release; and that Plaintiffs are entering into this Release knowingly and voluntarily, and without promise or benefit other than as set forth herein; and

c. Other than the Litigation, Plaintiffs have not filed or caused to be filed and they are not presently a party to, any charge, complaint, or action against Defendants or any of the Releasees.

d. Plaintiffs accept the Settlement Payments as full and complete relief for any claims for damages for work performed by Plaintiffs prior to March 1, 2019, including all attorneys' fees and costs for litigating damages concerning their work performed prior to March 1, 2019. Plaintiffs agree to neither seek nor accept any sums of money, damages, expenses, attorneys' fees, costs, judgments, claims or demands representing allegedly unpaid wages claimed by Plaintiffs prior to March 1, 2019. Nothing in this Agreement shall be construed to limit Plaintiffs' recovery of wages owed for the period after March 1, 2019 from Defendants Futo's, Inc. and/or Noman Rashid, including all attorneys' fees and costs incurred from the beginning of Plaintiffs' Counsel's representation of Plaintiffs which were/will be incurred in litigating Plaintiffs' claims for pay for work performed during the period after March 1, 2019.

**5.** **Obligation for Payment of Taxes.** Plaintiffs acknowledge and agree that Defendants have made no representations to them regarding the tax consequences of any amounts paid to and/or received by them and/or their counsel pursuant to this Release. Plaintiffs agree to pay any federal, state, or local taxes and withholdings, if any, which are required by law to be paid with respect to the Settlement Payments. Plaintiffs agree to indemnify and hold Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any governmental entity against Defendants for any amounts claimed due by them on account of this Release and Settlement Payments, and any costs, expenses, or damages sustained by Defendants due to any such claims, including but not limited to any amounts paid by Defendants as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise. Plaintiffs further agree to indemnify Defendants for any attorneys' fees and costs

DocuSign Envelope ID: C0DE2E2B-4C3D-4BA3-ACAB-C7141C731096

incurred if Defendants are the prevailing party in any action enforcing the provisions of this Paragraph.

**6.  Denial of Wrongdoing.** It is further understood and agreed that the payment and benefits conferred herein are not to be construed as an admission of liability on the part of the persons, corporations and entities hereby released, by whom liability is expressly denied.

**7.  Non-Admission.** This Release is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any Party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein. Neither this Release nor any part thereof shall be, or be used as, evidence or an admission of liability by anyone, at any time, for any purpose.

**8.  Basis for Settlement.** Each Party acknowledges and agrees that the terms of this Release are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses. Each Party also acknowledges and agrees that he, she or it has relied entirely on his, her or its own judgment, belief and knowledge (including his, her or its judgment, belief and knowledge with respect to the foregoing, the extent and duration of the claimed damages in the case, and the value of settling the case at this time) and the advice and recommendations of his, her or its own independently selected counsel, and, accordingly, except as set forth herein, neither he, she nor it, nor anyone acting on his, her or its behalf shall (or shall have the right to) deny or challenge the validity of this Release or any of the obligations of the Parties hereunder.

**9.  Successors and Assigns.** This Release shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, conservators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through them based or founded upon any of the claims released herein. This Release expressly does not include Futo's, Inc. or Noman Rashid or exist for their benefit.

**10.  Severability.** In the event that any term, covenant, condition, agreement, section or provision hereof shall be deemed invalid or unenforceable, this Release shall not terminate or be deemed void or voidable, but shall continue in full force and effect and there shall be substituted for such stricken provision a like but legal and enforceable provision which most nearly accomplishes the intention of the Parties.

**11.  Entire Agreement.** This Release constitutes the entire agreement between the Parties regarding the subject matter set forth herein. All prior agreements, contracts, statements, understandings, negotiations, representations or warranties regarding such subject matters, including the Release, are expressly superseded and merged herein. Except as set forth in this Release, no Party has relied upon the representations of any other Party to induce them to enter into this Release. It is expressly understood and agreed that this Release may not be altered,

amended, waived, modified or otherwise changed in any respect whatsoever except by writing duly executed by authorized representatives of the Parties.

**12.** **Waiver.** Failure by any Party to insist upon strict performance of any provision herein by any other Party shall not be deemed a waiver by such Party of his or its rights or remedies or a waiver by it of any subsequent default by such other Party, and no waiver shall be effective unless it is in writing and duly executed by the Party entitled to enforce the provision being waived.

**13.** **Governing Law.** This Release and the rights and obligations of the Parties thereunder shall be construed, interpreted, and enforced in accordance with the laws of the United States and the State of Georgia.

**14.** **Construction.** This Release has been negotiated by the Parties and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against any of the Parties. The interpretation and construction of this Release shall be subject to the following provisions: (a) words importing the singular meaning include where the context so admits the plural meaning and vice versa; (b) words connoting gender include other genders and all such words shall be construed interchangeably in that manner; (c) the terms "and" and "or" as used herein shall mean both the conjunctive and the disjunctive, so that one word or the other may be taken accordingly as the one or the other (i.e., "and/or"); (d) the word "any" shall mean "all" or "one out of several"; (e) the words "include", "includes" and "including" are to be construed as if they were immediately followed by the words "without limitation"; and (f) the captions and headings used in this Release have been inserted for convenience of reference only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Release.

**15.** **No Third-Party Beneficiaries.** The Parties expressly agree that neither Futo's, Inc. nor Noman Rashid is a third-party beneficiary to this Agreement and Futo's, Inc. and Noman Rashid are granted no rights whatsoever by virtue of this Agreement.

**16.** **Counterparts.** This Release may be executed in one (1) or more counterparts, all of which shall be considered one (1) and the same agreement, and shall become effective when one (1) or more such counterparts have been signed by each of the Parties and delivered to the other Party. Counterparts may be delivered via facsimile, electronic mail (including, without limitation, any PDF or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com), or other transmission method, and any counterpart so delivered will be deemed to have been duly and validly delivered and be valid and effective for all purposes.

DocuSign Envelope ID: C0DE2E2B-4C3D-4BA3-ACAB-C7141C731096

In witness of the foregoing and intending to be bound by the terms of this Release, the Parties execute this Release as of the last date set forth below written.

**SHANNON SIMMONS**

_[DocuSigned signature]_

Date: 7/11/2022

**ERANUS ROBERSON**

_[DocuSigned signature]_

Date: 7/11/2022

**STEVE "JOHN" FUTO**

By: _____

Date: _____

**CHARLES FUTO**

By: _____

Date: _____

ACTIVE 66101624v1

6

DocuSign Envelope ID: 6C44E480-E819-48B1-83ED-134E927C87C5

In witness of the foregoing and intending to be bound by the terms of this Release, the Parties execute this Release as of the last date set forth below written.

**SHANNON SIMMONS**

_____

Date: _____

**ERANUS ROBERSON**

_____

Date: _____

**STEVE "JOHN" FUTO**

By: *Johnny Futo* (DocuSigned)

Date: 7/12/2022

**CHARLES FUTO**

By: *Charles Futo* (DocuSigned)

Date: 7/12/2022

ACTIVE 66101624v1